**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RICARDO SALGADO ORTEGA,

Petitioner,

v.

WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,

Respondents.

**CASE NO.** 5:26-CV-06790-CTS

**ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER**

On Friday, November 13, 2026, Petitioner Ricardo Salgado Ortega, represented by counsel, filed a Motion for Temporary Restraining Order ("TRO") ("Mot.," ECF No. 7.) Given the compressed schedule[1] and the nature of the relief sought, the Court deems the matter appropriate for decision without oral argument or further briefing. For the reasons set forth below, the Motion is **DENIED**.

## I. BACKGROUND

On November 10, 2026, this Court granted Petitioner's Petition for Writ of Habeas Corpus in *Salgado Ortega v. Warden Adelanto ICE Processing Center*

[1] The Court is without jurisdiction to enjoin the government from executing a valid removal order. *Rauda v. Jennings*, 55 F.4th 773, 777–81 (9th Cir. 2022).

("*Salgado Ortega I*"), and ordered a bond hearing within seven days. Order Granting Petition for Writ of Habeas Corpus, *Salgado Ortega I*, 5:26-cv-06281-CTS (C.D. Cal. Nov. 11, 2026), ECF No. 13 ("*Salgado Ortega I* Order"). The facts in the *Salgado Ortega I* Order are incorporated here.

On November 12, 2026, Petitioner filed a Petition for Writ of Habeas Corpus in the instant matter. ("Pet.," ECF No. 1.) Petitioner filed the Motion the next day, stating that "Emergency intervention is warranted because the Petitioner has been taken from the community and has been informed that he is being set for removal on November 17, 2026." (Mot. 2.)

## II. LEGAL STANDARD

The standard for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 is substantively the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Under *Winter*, a plaintiff seeking a TRO must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20).

## III. DISCUSSION

The first *Winter* factor contemplates whether Petitioner has a likelihood of success on the merits of his claims. In deciding whether to grant injunctive relief,

"[l]ikelihood of success on the merits is the most important factor." *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) (citation and internal quotation marks omitted). This is especially the case for constitutional claims. *See Junior Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1115 (9th Cir. 2023). To analyze Petitioner's likelihood of success on the merits, the Court must analyze the merits of the claims in the Petition. The Petition alleges that Petitioner's arrest was warrantless and an unreasonable seizure in violation of the Fourth Amendment. (Pet. ¶¶ 72–89.) Petitioner also alleges procedural and substantive due process violations under the Fifth Amendment. (*Id.* at ¶¶ 90–98.) Petitioner seeks habeas relief in the form of immediate release. (*Id.* at ¶¶ 66–71.)

**A. Petitioner's Claims Arising from the Circumstances of His Arrest**

The object of the writ of habeas corpus "is to ascertain whether the prisoner can lawfully be detained in custody." *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923). The Ninth Circuit has repeatedly held that "defects in an arrest are not cognizable in habeas corpus." *Streeter v. Craven*, 418 F.2d 273, 274 (9th Cir. 1969) (holding that a defective arrest does not warrant habeas corpus relief from a state conviction). Thus, even assuming a constitutional defect in the arrest, a petitioner must still demonstrate that his present detention is unlawful in order to obtain habeas relief. *See Alvarez-Mendez v. Stock*, 941 F.2d 956, 960 (9th Cir. 1991) (denying habeas relief because "even if his detention was illegal prior to the 1990 Act, if that Act gives the Attorney General the authority to hold Alvarez-Mendez today, his present custody is not illegal and habeas corpus is not available"); *Oh v. Santacruz*, No. 5:26-cv-05472-SB-MBK, 2026 WL 3073655, at *1 (C.D. Cal. Oct. 13, 2026) (denying habeas relief where the petitioner alleged a warrantless arrest because an immigration judge determined under § 1226(a) that the petitioner should remain detained because she presented a flight risk); *Mendez v. Warden*, No. 5:26-CV-03901-DOC-SK, 2026 WL 2449572, at *3 (C.D. Cal.

Aug. 20, 2026) (holding an improper arrest did not justify a noncitizen's release because the noncitizen's present detention was authorized by 8 U.S.C. § 1226(a)); *Hernandez v. Facility Adm'r*, No. EDCV 26-3988-DMG (AS), 2026 WL 2525600, at *3 (C.D. Cal. Aug. 26, 2026) (same).

Under the facts in the record before the Court in *Salgado Ortega I*, it appeared that Petitioner was being held in custody pursuant to 8 U.S.C. § 1226(a). *See* Respondents' Answer to Petition for Writ of Habeas Corpus, *Salgado Ortega I*, 5:26-cv-06281-CTS (C.D. Cal. Oct. 7, 2026), ECF No. 7, at 2–3. That statute authorizes the detention of noncitizens while removal proceedings are pending, though individuals detained under this statute are entitled to a bond hearing. 8 U.S.C. § 1226(a)(1); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026). Here, Respondents have until November 17, 2026, to provide Petitioner with a bond hearing or release him from immigration custody. *Salgado Ortega I* Order at 6. The Court does not "imply that an unlawful arrest is acceptable or condoned," only that "release on habeas corpus is not ordinarily the correct remedy for such a defect." *Mendez*, 2026 WL 2449572, at *3 n.2 (citations omitted). An improper arrest may entitle Petitioner to other kinds of remedies. *See id.* (listing potential remedies resulting from an unlawful arrest). But if Petitioner is currently detained pursuant to 8 U.S.C. § 1226(a), there is virtually no likelihood of success on the merits of his claim that the circumstances of his arrest render his current detention under that statute unlawful.

Furthermore, it now appears that Petitioner's present detention may instead be authorized by 8 U.S.C.§ 1231(a), rendering his likelihood of success even more remote. The Motion states that Petitioner "has been informed that he is being set for removal on November 17, 2026," but has not been clear on how he knows this and has not argued that he is not subject to a final order of removal. (*See* Mot 2.) If Petitioner is subject to a final order of removal, his present detention pending removal is authorized by 8 U.S.C.§ 1231(a) and an unconstitutional arrest alone

would not justify habeas relief. *See Barbosa-Ayala v. Warden*, No. 5:26-CV-06312-ADS, at 4–5 (C.D. Cal. Oct. 30, 2026) (denying a petitioner's TRO for failure to show likelihood of success on a warrantless arrest claim after the government filed a notice of intent to remove petitioner); *Medina v. Warden*, No. 5:26-CV-05034-PA-SK, 2026 WL 2660007, at *1 n.1 (C.D. Cal. Sept. 8, 2026) ("Contrary to the claims in the current petition, the circumstances around petitioner's arrest alone are not enough to justify unconditional release from custody under § 2241.") (citing, among other cases, *Wolck v. Weedin*, 58 F.2d 928, 930 (9th Cir. 1932)).

Accordingly, on the facts before the Court, Petitioner is not likely to prevail on his request for habeas relief because he has not shown that the circumstances of his arrest render his present detention unlawful.

**B. Petitioner's Procedural Due Process Claims**

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). Courts generally apply the three-part test articulated in *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), to determine what procedures are constitutionally sufficient to protect a liberty interest. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022) ("assuming without deciding" that *Mathews* applied and applying test in immigration detention context). Under that test, courts consider (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the

procedures used, and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

First, the Court considers Petitioner's private liberty interest in remaining out of immigration custody. Petitioner "first entered the United States in 2002 and subsequently had multiple entries and exits." (Pet ¶ 7.) He has two United States citizen children who live with him in Riverside, California. (Pet ¶ 8.) However, Petitioner has never been paroled by immigration officials and thus does not have the strong liberty interest that may be applicable to noncitizens who have received parole. *Orozco Vasquez v. Santacruz*, No. 5:26-CV-04829-ADS, 2026 WL 3416054 (C.D. Cal. Nov. 10, 2026) (holding that "Petitioner's liberty interest is diminished because he entered the United States without inspection and was not previously released by immigration officials).

Second, the risk of erroneous deprivation of Petitioner's liberty is also lower than that of someone who was already found not to pose a flight risk or danger to the community. *See Ryakhovskiy v Santacruz*, 2:26-CV-09123-BFM, 2026 WL 2584960, at *2 (C.D. Cal. Aug. 31, 2026) (weighing the *Mathews* factors for a noncitizen visa overstay). Furthermore, in a case where a petitioner had been detained for over 14 months, the Ninth Circuit has held that "existing agency procedures sufficiently protected [the petitioner's] liberty interest and mitigated the risk of erroneous deprivation." *Rodriguez Diaz*, 53 F.4th at 1209. In *Rodriguez Diaz*, the Ninth Circuit observed: "Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change."

*Id.* at 1202. Because the Court has already ordered that Petitioner must either receive a bond hearing or be released, *Salgado Ortega I* Order at 6, any risk of erroneous deprivation that might exist is substantially mitigated. This may, in fact, be *more* process than Petitioner is entitled to, if Petitioner is in fact subject to a final removal order and is detained under 8 U.S.C. § 1231, as detention under that statute is mandatory at least for some period of time. 8 U.S.C. § 1231(a)(1)(A).

With respect to the final *Mathews* factor, the Ninth Circuit has recognized that distinct considerations apply to immigration detention, where the due-process inquiry "can and must account for the heightened governmental interest." *Rodriguez Diaz*, 53 F.4th at 1206. The Supreme Court opined that courts "must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature." *Id.* at 1208 (quoting *Landon v. Plasencia*, 459 U.S. 21, 34 (1982)). Thus, even though Petitioner has a liberty interest here, it is outweighed in this case by the government's interest "of the highest order," in enforcing immigration laws, particularly "when it comes to determining whether removable aliens must be released on bond during the pendency of removal proceedings." *Rodriguez Diaz*, 53 F.4th at 1208.

Because the balance of the *Mathews* factors reflect that the procedures in Petitioner's case are sufficient for due process, Petitioner has not shown a likelihood of success on his procedural due process claim.

**C. Petitioner's Substantive Due Process Claims**

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadyvdas*, 533 U.S. at 690. A substantive due process violation during confinement arises "when detention becomes punitive rather than regulatory, meaning there is no regulatory purpose that can rationally be assigned to

the detention or the detention appears excessive in relation to its regulatory purpose." *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021). "The point at which detention constitutes a due process violation requires a case-by-case analysis." *Id.*

Petitioner's detention is related to a legitimate government objective. If Petitioner has a final order of removal, then his detention is mandatory. *Ornelas Duran v. Warden*, No. 5:26-CV-05428-MBK, at 7 (C.D. Cal. Oct. 28, 2026) (holding that the "[p]etitioner's detention under Section 1231 pending reinstatement proceedings forecloses her due process and APA claims"). If Petitioner's removal proceedings are ongoing, the government "may constitutionally detain [noncitizens] during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510 (2003); *see also Sanchez Gomez v. Mullin*, No. 5:26-cv-03322-KS, 2026 WL 2394070, at *6 (C.D. Cal. Aug. 17, 2026) (denying substantive due process claim of noncitizen in immigration custody for nine months who received a bond hearing, and noting government interest in holding a noncitizen in immigration custody).

Petitioner has not established that his detention has become punitive. Petitioner has been detained for approximately one month, a period that is not *per se* excessive. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1064–65 (9th Cir. 2008) (holding that noncitizen's 41-month detention under § 1226(a) for judicial review of his administratively final removal order was not so excessively long as to violate substantive due process). Petitioner also does not allege that the government acted in a punitive manner through deliberate delay or through punitive conditions of confinement.

Petitioner has been detained for the past month after repeated removals. (Pet. ¶¶ 39–41.) The Court has already ordered that he must receive a bond hearing before an immigration judge if he is to remain in custody. *Salgado Ortega I* Order at 6. He may also have a final order of removal rendering his detention mandatory.

On these facts, the removal or removal proceedings provide a nonpunitive justification for confinement that has not yet become excessive in relation to its purpose. Petitioner has thus not shown a likelihood of success for habeas relief on his substantive due process claim.

## IV. CONCLUSION

Accordingly, Petitioner has not demonstrated a likelihood of success on the merits. The Court need not address the other *Winter* factors. The Motion is DENIED.

DATED: November 16, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE